Joseph J. SPERO, Plaintiff,

v.

**ABBOTT LABORATORIES, a corporation, Defendant.**

No. 70 C 3215.

United States District Court,
N. D. Illinois, E. D.

April 16, 1975.

Merle L. Royce II, Chicago, Ill., for plaintiff.

William W. McKittrick, John J. Cassidy, Jr., Arthur B. Smith, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

MARSHALL, District Judge.

Pursuant to the memorandum decision of March 11, 1975, in which plaintiff was awarded damages of $3,000 in this Title VII case, plaintiff's court appointed counsel has petitioned for attorney's fees in the amount of $12,000. The petition is supported by time sheets showing approximately 170 hours of lawyer's time and 146 hours of "legal assistant's" time for which compensation is sought at $55 and $20 per hour respectively. Defendant does not challenge the accuracy of the time, nor counsel's customary hourly charge.

Defendant does, however, question the overall reasonableness of the amount sought in view of the fact that it offered plaintiff $3,000 in settlement in November, 1973 and $5,000 in January, 1974 at which time, according to plain-

tiff's counsel's time records, the accrued value of services was approximately $600 and $2,000 respectively. The former, defendant asserts, should be the limit of any fee award because plaintiff's recovery was precisely the amount of the earlier offer.[1]

Section 706(k) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5(k)) authorizes an award of "a reasonable attorney's fee" to "the prevailing party" in the court's discretion. *Weeks v. Southern Bell Telephone & Telegraph Co.*, 467 F.2d 95, 97 (5th Cir. 1972), *reh'g denied*, (5th Cir.) 471 F.2d 650. The discretion should be generously exercised to further the policies of the Act and encourage its private enforcement. However, attorney's fees should not be a substitute for an award of damages. "Smart money" should not be assessed in the guise of attorney's fees. Accordingly, the fee award should bear some relationship "to the extent to which the plaintiff prevails in the suit." *Williams v. General Foods*, 492 F.2d 399 (7th Cir. 1974). Applying such a standard to the instant request, it is clear that the fee award should be substantially less than that suggested by plaintiff's counsel.

Were this a case in which counsel had been privately retained, the fee would, as a matter of economic necessity be limited by the amount recovered, save for those vexing situations in which the client capriciously refuses the sound advice of counsel to settle early and at a level which ultimately proves to be the value of the claim. In such uncomfortable circumstances counsel is entitled to look to the client for reasonable compensation for all time spent on the engagement because the services have multiplied by the client's caprice.

The affidavit of defendant's counsel suggests that such might have been the plight of plaintiff's counsel here. What has eventuated as a very fair offer in settlement was rejected by plaintiff personally in the face of the contrary advice of his lawyer. Thus, were plaintiff being called upon to pay, we would be less inclined to regard the amount recovered as a measure of the fee. Where, as here, however, a defendant makes a fair settlement offer when accrued fees are in the range of $600 to $2,000, we should be reluctant to assess against it the cost of additional services over which it had no control. And this is particularly true in light of the fact that the fees of its counsel were unquestionably increased as a result of plaintiff's rejection of the offer.

In cases such as this, there is the additional consideration that counsel was court appointed. In private engagements counsel may withdraw if advice (even to settle) is not followed. Of course, the same is true of court appointed counsel. But most lawyers worthy of the name are loath to bring their differences with their clients to the court. Of necessity, they must do just that when they seek to be relieved of a court appointment. In short, court appointed counsel may be caught in between a reasonable offer and a recalcitrant client.

In such circumstance, who should bear the cost? Had plaintiff not prevailed it would have fallen entirely upon his counsel. Having prevailed in part, the statute authorizes that a reasonable amount of the cost be borne by defendant.

The defendant Abbott Laboratories is ordered to pay Merle Royce, Esq., $1,500 as an attorney's fee, plus $179.73 as expenses.

---

1. This having been a bench trial, the court was unaware of any settlement negotiations.