**Martha TAYLOR, Plaintiff,**

v.

**FRANKLIN DRAPERY COMPANY, INC., et al., Defendants.**

**No. 74CV331–W–4.**

United States District Court, W. D. Missouri, W. D.

Jan. 16, 1978.

Irving Achtenberg, David Achtenberg, Kansas City, Mo., for plaintiff.

H. Fred Northcraft, Smith, Gill, Fisher & Butts, Inc., Kelley D. Sears, Joseph P. Teasdale, Kansas City, Mo., for defendants.

## ORDER

ELMO B. HUNTER, District Judge.

In this action, plaintiff seeks relief under the Fair Labor Standards Act of 1938, as amended by, inter alia, the Equal Pay Act of 1963 (29 U.S.C. § 201 et seq.) and under the Civil Rights Act of 1964, as amended by, inter alia, the Equal Employment Opportunity Act of 1972 (42 U.S.C. § 2000e, et seq.). Plaintiff alleged in her complaint the following:

1. Defendants paid plaintiff a lower wage than they paid to employees of the male sex although males performed jobs requiring equal skill, effort and responsibility and performed them under similar working conditions.

2. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions and privileges of employment by maintaining a wage structure that discriminates against females as a class.

3. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions and privileges of employment by providing hospitalization benefits to male employees which it denied to female employees.

4. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions and privileges of employment by hiring males into the more desirable positions.

5. Defendants discharged plaintiff because she had opposed practices made unlawful by the Equal Employment Opportunity Act and filed a charge under that Act.

By Order dated December 1, 1977, after full trial on the merits, this Court found in favor of plaintiff on claim number 3, but found against plaintiff on claims 1, 2, 4, and 5. Plaintiff timely filed her post-trial motions pursuant to Rules 52 and 59, F.R. Civ.P. Defendants having filed their Suggestions in Opposition to these motions, and both parties having been given a brief hearing on the matters raised in the motions, these matters are now ready to be resolved by the Court.

## I

### MEDICAL INSURANCE PREMIUMS

In its Memorandum and Order of December 1, 1977, this Court ordered defendant corporation "to reimburse plaintiff for the employee portion of the premiums paid by plaintiff for the medical insurance she procured through defendant corporation." Plaintiff points out that she worked for defendant corporation twenty months and that the employee portion of the monthly Blue Cross/Blue Shield premium was $14.58. From this, plaintiff argues that she is entitled to $291.60 ($14.58 × 20) plus 6% per annum interest from November 21, 1973, totalling $363.04. However, as defendants point out, plaintiff did not be-

come a member of the Blue Cross/Blue Shield plan until September, 1972, and thus paid the employee portion of her premium for only fifteen months, thus entitling her to only $218.70 plus 6% per annum interest.

Until now, plaintiff's claim pertaining to the Blue Cross/Blue Shield benefits has been one for reimbursement, pure and simple. For instance, in her Post-Trial Brief, p. 10 (filed December 10, 1976), plaintiff states: "Mrs. Taylor is entitled to be reimbursed for the $14.58 employee portion of each Blue Cross and Shield check she paid to the company." As plaintiff issued 15 such checks to defendant corporation during the course of her employment, beginning in September, 1972 and ending in November, 1973, inclusive, an award of $218.70 plus interest would seem to provide plaintiff with full reimbursement. Certainly it provides plaintiff with all that she asked for with regard to this aspect of her action. As plaintiff concludes in her December 15, 1976 Post-Trial Brief, p. 14:

> Finally, under Title VII, plaintiff seeks an injunction requiring the company to discontinue discrimination in the payment of Blue Cross and Blue Shield premiums for its employees, and a judgment against the company *in the amount of $218.70 plus interest* representing the additional premiums paid by plaintiff as a result of this discrimination. [emphasis added]

## II

## ATTORNEYS' FEES

42 U.S.C. § 2000e–5(k) provides: In any action or proceeding under this title [42 U.S.C. §§ 2000e–2000e–17] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Plaintiff asks that the Court award her, as attorneys' fees, the sum of $4,500.00. Defendants, however, argue that the attorneys' fee award should be in the sum of

$87.48, and certainly no more than the amount awarded plaintiff on her medical insurance claim.

The parties have stipulated that plaintiff's attorneys have expended a total of 383.8 hours on this action, of which 317.9 hours were expended by David Achtenberg, 28.1 by Irving Achtenberg, and 37.8 hours by other attorneys and law clerks. The parties further stipulate that a reasonable hourly rate on a non-contingent basis for the work performed by David Achtenberg is $40.00 per hour and for the work performed by Irving Achtenberg is $50.00 per hour. The expertise of the Achtenbergs in employment discrimination law is not disputed.

Plaintiff employed her attorneys on an oral contingent fee basis, with the amount of the fee to be (if the case were fully tried) the higher of (a) the amount of any attorneys' fee awarded by the Court; or (b) one-half of the total award including the attorneys' fee award.

According to the Stipulation, were plaintiff's attorneys to be paid their reasonable hourly rate for their work performed in this case, they would be entitled to $12,746.00 for David Achtenberg's services (317.9 × $40) plus $1,405.00 for Irving Achtenberg's services (28.1 × $50), totalling $14,151.00. Plaintiff asks, however, for $4,500.00 as her attorney's fees.

In addition to the above-mentioned matters to which the parties have stipulated, the Court, after having had the opportunity to observe the conduct of plaintiff's attorneys throughout this litigation, makes the following observations:

(1) The legal questions presented in this case are neither novel nor difficult; rather, the case turned on what factual inferences could properly be drawn from the evidence presented. Plaintiff's counsel did present the evidence to the Court in a skillful and professional manner and this, of course, is taken into account by the Court.

(2) Plaintiff's counsel, by accepting plaintiff's case in particular and by prosecuting employment discrimination cases generally,

have been precluded, to some degree, from accepting other professional employment.

(3) The Court has been impressed with the general skill, preparation, and work product of plaintiff's counsel throughout this litigation.

(4) As the parties have stipulated, this case imposed no unusual time limitations on plaintiff's attorneys.

(5) As the parties have stipulated, plaintiff had no professional relationship with her attorneys prior to their representation of her in this litigation.

This Court is also fully cognizant that, "[a]s a general guideline, the amount of an award of attorneys' fees should be proportionate to the extent to which plaintiff prevails in the suit." *Williams v. General Foods Corporation,* 492 F.2d 399, 409 (7th Cir. 1974). *See also, Pearson v. Western Electric Co.,* 542 F.2d 1150, 1153 (10th Cir. 1976); *Schaeffer v. San Diego Yellow Cabs, Inc.,* 462 F.2d 1002, 1008 (9th Cir. 1972), and *Spero v. Abbott Laboratories,* 396 F.Supp. 321, 323 (N.D.Ill.1975). The rule is easily stated, but as is the case with most general rules, the difficulty lies in its application.

Bearing in mind that plaintiff prevailed on one of the five major issues in the case, that this issue was, in monetary terms, a rather insubstantial one, that plaintiff's counsel had amassed $14,151.00 worth of billable time in this litigation, and all the other factors listed above and in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir. 1974),[1] this Court concludes that a reasonable attorneys' fee in this case is $2,000.00.

### III

### OTHER MATTERS

Except to the extent granted by this Order, plaintiff's two motions filed December 12, 1977 are, in all other respects and after careful consideration, denied.

### IV

### CONCLUSION

For the above-stated reasons, it is hereby

ORDERED that defendant corporation be, and it is hereby, directed to pay plaintiff, as reimbursement for the employee portion of her medical insurance premiums, the sum of $218.70 plus interest thereon from November 21, 1973 at a rate of 6% per annum; it is further

ORDERED that plaintiff be, and is hereby, awarded the sum of $2,000.00 as attorneys' fees, and that defendant corporation is hereby directed to pay plaintiff said sum; it is further

ORDERED that, except to the extent expressly granted by this Order, plaintiff's Motion to Amend Findings of Fact and Conclusions of Law and for Additional Findings and plaintiff's Motion to Vacate or Amend Judgment or in the Alternative for New Trial be, and they hereby are, denied; it is further

ORDERED that this Court's prior Order of December 1, 1977 be, and it is hereby, vacated; it is further

ORDERED that this Court's Order of December 1, 1977 in this cause be, and it is hereby, deemed filed as of this date.

1. Factors listed by the Court in *Johnson* which have been considered by this Court, though not expressly dealt with in this Order, are: (1) whether the fee is fixed or contingent; (2) the "undesirability" of the case; (3) awards in similar cases.