**Marlys VANT HUL, Plaintiff,**

v.

**The CITY OF DELL RAPIDS, Defendant.**

**No. CIV77–4084.**

United States District Court, D. South Dakota, S. D.

Feb. 28, 1979.

Dennis C. McFarland and David R. Nelson, Sioux Falls, S.D., for plaintiff.

Deming Smith, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for defendant.

MEMORANDUM DECISION

NICHOL, Chief Judge.

The plaintiff, Marlys Vant Hul, brought an action against the city of Dell Rapids alleging sex discrimination in the termination of her employment as manager of the Dell Rapids liquor store. This Court issued its memorandum decision which found that the city through its mayor and council had discriminated against the plaintiff. *Vant Hul v. Dell Rapids,* 462 F.Supp. 828 (D.S.D., 1978). At that time I reserved ruling on the proper amount of reasonable attorneys' fees and a proper computation of interest.

ATTORNEYS FEES

In section 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e–5(k), Congress provided that:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party  .  .  . a reasonable attorney's fee as part of the cost [of the litigation.]

The Congressional policy was that Title VII plaintiffs should vindicate a policy that "Congress [determined consisted] of the highest priority". *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 419, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978), *quoting Newman v. Piggie Park Enterprises*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). The Supreme Court in *Christianburg Garment Company, supra,* quoted the Congressional debates regarding the attorney's fees provision, that the purpose of awarding such fees was to "make it easier for a plaintiff of limited means to bring a meritorious suit." 434 U.S. at 420, 98 S.Ct. at 699. This Court has previously determined that an award of reasonable attorneys' fees is proper in this suit, and, given the policy considerations above, I have undertaken to examine the claimed fees and determine their "reasonableness".

The plaintiff's attorneys, Mr. McFarland and Mr. Nelson, submitted a statement claiming 323½ hours of work on the case at $50 per hour. While the defendant's counsel, Mr. Smith, did not dispute the statement of time spent at a hearing before this Court on February 16, 1979, he challenged the need for duplication and the charges for preparation of parts of the case that never came to fruition in the pleadings or at trial.

The Eighth Circuit Court of Appeals has followed the guidelines enunciated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), in considering the proper standards for an award of "reasonable" attorneys' fees. *See, e. g., Greminger v. Seaborne*, 584 F.2d 275, 279 (8th Cir. 1978); *Di Salvo v. Chamber of Commerce*, 568 F.2d 593 (8th Cir. 1978). The *Johnson* standards require this Court, in exercising its discretion, to examine the following 12 factors:

(1) Time and labor required. This Court indicated at the February 16, 1979, hearing that counsel for both parties exercised their duties in an exemplary manner. The time requirements were not unusually great, and the Court does find it necessary to reduce the claimed hours for certain items of duplication. These items include a reduction of ½ hour for two telephone calls which were admitted as duplication at the hearing and four hours where both attorneys interviewed a former liquor store manager who was not called as a witness in the case.

(2) The novelty and difficulty of the questions. This case posed no extensively difficult issues, though one question arose which has been addressed by few other courts: The relevance of replacement of a sex discrimination plaintiff by a person of the same sex. As the *Johnson* court indicated, the "attorneys should be appropriately compensated for accepting the challenge" of such a question. This, along with other factors indicated below, persuades me that $50 per hour is a "reasonable" fee in this case.

(3) Skill. The Court was impressed with the general skill, preparation and work product of all counsel. *See Taylor v. Franklin Drapery Co., Inc.,* 443 F.Supp. 795 (W.D.Mo.1978).

(4) Preclusion of other employment. Because two plaintiff's attorneys were involved, each was able to accept other employment. Mr. McFarland did state at the hearing that he needed Mr. Nelson in the case so that Mr. McFarland could attend to the needs of his other clients. My consideration of the defendant's objection to duplication of hours has been influenced by this factor.

(5) Customary fee. The Court notes that the $50 per hour fee is not unusual in the Sioux Falls area, considering the other factors involved here.

(6) Whether fee is fixed or contingent. The fee basis was not fully understood by the plaintiff or her attorneys, but a vague agreement was explained at the hearing. This factor has not been significant in my consideration of attorneys' fees, given my total computed award relative to the plaintiff's total recovery.

(7) Time limitations imposed. The time limitations imposed were not significant in this case.

(8) The amount involved and results obtained. The plaintiff's make-whole reme-

dy did not include reinstatement but did include 26 months of backpay. Even a minimal recovery, however, does not preclude the award of reasonable attorney's fees. *See White v. Ed Miller and Sons, Inc.*, 457 F.Supp. 148 (D.Neb.1978).

(9) The experience, reputation and ability of the attorneys. The attorneys presented the case in a skillful and professional manner. Though Mr. Nelson has been admitted to the bar for only a short time, he exercised his duties skillfully. The *Johnson* court stated, "If a young attorney demonstrates the skill and ability, he should not be penalized for only recently being admitted to the bar." To this end I have not reduced Nelson's hourly rate of $50.

(10) The "undesirability of the case". The Court notes that a question exists whether the Court's decision was pleasantly received in Dell Rapids. I note that a logical inference is that the involvement of McFarland and Nelson could have an adverse economic impact on their future practice.

(11) The nature and length of the professional relationship with the client. This factor is of little significance, since the client had not previously been represented by the plaintiff's attorneys.

(12) Awards in similar cases. The award which I have determined is not inconsistent with other awards in similar cases.

The preceding factors have all influenced my consideration of "reasonable" attorneys' fees. I must reduce the plaintiff's claimed attorneys' fees by 5¾ hours of conferences and 1 hour of drafting, both regarding the plaintiff's reinstatement claim (which claim has been dismissed). Finally, I reduce the plaintiff's award by 10½ hours of preparation of an action which was not involved in this case. The total reduction from the claimed 323½ hours of attorneys' fees is 21¾ hours. My award of attorneys' fees is for 301¾ hours at $50 per hour for a total award of $15,087.50.

## INTEREST

The Court has carefully computed the prejudgment interest at 6% on $967.17 per month ($967.17 being the monthly backpay award for the period January, 1976, until February, 1978). The interest total is $3080.44. Because the purpose is only to make the plaintiff whole and not give her a windfall, however, I reduce the interest by the interest for the same period on plaintiff's other earnings in mitigation of her damages ($1142.25 at 6% interest from January, 1976, for a total of $211.31). Therefore, I have determined that plaintiff should receive prejudgment interest in the amount of $2869.13.

As my memorandum decision indicated, the plaintiff should also receive $806.00 for life insurance contributions and $24,004.17 for backpay less mitigation.

This opinion grants interest on the award of $2869.13 and attorneys' fees of $15,-087.50.

Counsel for the plaintiff are to prepare an appropriate order.