David **FORREST**, Plaintiff,

v.

**NEW YORK CITY CRIMINAL JUSTICE AGENCY, Jeremy Travis, Charles Kuhlman, S. Andrew Schaffer, Defendants.**

No. 79 Civ. 7041 (LBS).

United States District Court, S.D. New York.

Oct. 1, 1982.

Clark, Wulf & Levine, Alan H. Levine, New York City, for plaintiff.

---

Cravath, Swaine & Moore, Robert S. Rifkind, Robert H. Baron, New York City, for defendants.

## OPINION

SAND, District Judge.

Plaintiff moves this Court pursuant to 42 U.S.C. § 1988 for an award of $12,637.50 in attorney's fees. Having considered the memoranda and affidavits of the parties, and after oral argument, the Court has determined that the motion should be granted.

Plaintiff commenced this action in 1979 following his discharge without a hearing by defendant New York City Criminal Justice Agency. The action, alleging a denial of due process, sought reinstatement or, alternatively, lost earnings. Defendants moved for summary judgment on various grounds, one of which was the issue whether the conduct alleged constituted state action. The motion was referred to a United States Magistrate, who found that state action was alleged and recommended that the motion, in all essential respects, be denied.

Settlement negotiations followed shortly thereafter and resulted in the execution of a settlement agreement. Such agreement provided that plaintiff should receive a cash payment of $10,000 and that the action be dismissed with prejudice. The parties, apparently concerned with New York City Bar Association on Professional Ethics, Op. 80–94 (1981) (issue of settlement of attorney's fee claim may not be taken up until after settlement of the merits of the case is achieved), explicitly left open the issue of attorney's fees at that time. Plaintiff, having failed to reach settlement with defendant on fees, now moves this Court for an award under section 1988.

Section 1988 of Title 42, in relevant part, reads:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

■ It is established that the settlement of a lawsuit brought to enforce any of the provisions enumerated in section 1988 does not preclude the award of attorney's fees. *Maher v. Gange,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). As the Supreme Court noted in *Maher,*

"Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated. Moreover, the Senate Report expressly stated that 'for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief.' S.Rep. No. 94–1011, p. 5 (1976)."

*Id.* at 129, 100 S.Ct. at 2575.

■ The issue that confronts us here is whether the settlement between the parties, as well as the attendant circumstances, resulted in the plaintiff being the "prevailing party", as such term is employed in section 1988, or whether such settlement was in fact a "nuisance settlement", see *Parker v. Matthews,* 411 F.Supp. 1059 (D.D.C.), *aff'd,* 561 F.2d 320 (D.C.Cir.1977), so that plaintiff did not so prevail.

We hold that the far-from-nominal amount of the settlement payment, agreed upon only after plaintiff's successful opposition before the Magistrate to the motion for summary judgment, warrants a finding that plaintiff attained the vindication of his civil rights and, consequently, was the prevailing party in the settled suit. Defendants' contention that plaintiff settled for only one-fifth of the damages sought in the original pleadings and thus cannot be deemed to have prevailed is both unconvincing and ultimately unavailing.

Such contention is unconvincing in light of plaintiff's apparent mitigation of damages subsequent to the filing of the pleadings. According to plaintiff's counsel, such mitigation reduced the maximum amount

recoverable to $20,875. The settlement therefore constituted approximately one-half of the sought-after relief. Moreover, defendants' contention, even if taken as true, is unavailing. The disparity between the settlement payment and the claimed damages is of an insufficient magnitude to indicate in itself that a nuisance settlement was agreed upon here. Both the amount and the timing of the settlement make clear that it was not a means employed by defendants to be free of a frivolous claim.

Defendants also oppose the instant motion insofar as they seek the Court's reduction of the award claimed. Having considered the qualifications of plaintiff's counsel and the other factors articulated in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir. 1974), we are satisfied that the rate sought, $150 per hour, represents the reasonable value of the lawyer's services. We see no particular circumstances of this case as calling for a reduction of the lodestar, which is all that movant seeks.

In accordance with the above, the Court hereby grants plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988.

SO ORDERED.