COMMUNICATIONS WORKERS OF
AMERICA, AFL–CIO, et al.,
Plaintiffs,

v.

ILLINOIS BELL TELEPHONE
COMPANY, Defendant.

HARDEN, et al., Plaintiffs,

v.

ILLINOIS BELL TELEPHONE COMPA-
NY, Defendant and Party Plaintiff.

Nos. 73 C 0959, 74 C 1505.

United States District Court,
N.D. Illinois, E.D.

Nov. 24, 1982.

See also 509 F.Supp. 6.

Ivan Bodensteiner, Valparaiso, Ind., Michael Erp, Irving M. Friedman, Fiffer & D'Angelo, Chicago, Ill., for plaintiffs in No. 74 C 1505.

John McNulty, Chicago, Ill., Friedrich, Bomberger, Tweedle & Blackman, Hammond, Ind., Thompson Powers, Kane & Koons, James Hutchinson, Washington, D.C., EEOC, Barry L. Chaet, Chicago, Ill., EEOC, Leo Froga Amicus Section, for Illinois Bell Telephone Co.

Katz & Friedman, Chicago, Ill., for plaintiffs in No. 74 C 0959.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., against defendant Illinois Bell Telephone ("Bell"), alleging that its maternity leave policies discriminate on the basis of sex. On February 29, 1980, this Court granted the plaintiffs' motion for summary judgment with respect to the issues of reinstatement from

maternity leave and accrual of seniority during maternity leave. The Court further granted Bell's motion for summary judgment with respect to its policies concerning wages, basic medical insurance and the duration of maternity leave. On April 8, 1982, this Court approved a settlement agreement between the parties[1] and dismissed these cases with prejudice. Presently pending before the Court is the Harden plaintiffs' motion for attorneys' fees.[2]

Hardin plaintiffs' counsel request attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k), in the amount of $73,373.75, to compensate Mr. Ivan E. Bodensteiner and Mr. Michael M. Mulder for their legal services. Mr. Bodensteiner claims that he spent 180.4 hours on this case and seeks an hourly rate of $125. He further urges that this Court apply a multiplier of 2.0 for time spent prior to this Court's order of February 29, 1980, granting both parties summary judgment with respect to certain issues, and a multiplier of 1.5 for the remainder of his time. He does not seek a multiplier for time spent on the attorneys' fees petition. Mr. Mulder seeks an hourly rate of $100 for 264.4 hours, with a multiplier of 1.5 for all time other than that spent on the fee application. Bell opposes plaintiff's request for attorneys' fees in a number of respects.[3]

42 U.S.C. § 2000e–5(k) governs the award of attorneys' fees in Title VII cases, and provides that:

> In any action or proceeding under this subchapter the Court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

While the statute vests discretion in courts, that discretion is not unlimited. A prevailing party in a Title VII case should ordinarily recover attorneys fees, unless special circumstances would render such an award unjust. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d

1. The settlement provides, *inter alia,* that former and current Bell employees who commenced a maternity leave between June 15, 1971 and August 7, 1977, will be granted up to thirty additional days of seniority credit. Employees who returned to work after such leave will receive $125 per leave; employees whose reinstatement was delayed will be paid up to $3,000 for their losses out of a $400,000 fund created by Bell. Employees who began maternity leave between August 8, 1977 and April 28, 1979, will receive $50 per leave. Class members who sought but never obtained reinstatement will be placed on a preference list by former job classification.

2. The Hardin case was consolidated with CWA v. Illinois Bell, No. 73 C 0959, prior to settlement. However, only the plaintiffs' attorneys' fees in CWA have been settled. On November 10, 1981, this Court approved a settlement concerning attorneys' fees between counsel for plaintiff Communications Workers of America ("CWA") and Bell. Bell agreed to pay Mr. Irving M. Friedman a $125.00 hourly rate for three hundred seventy six hours, and all other attorneys a $65.00 hourly rate for seven hundred thirty three hours, yielding a total of $93,520.00. This agreement, of course, did not cover the matter of plaintiffs' attorneys' fees in the Hardin case.

The law firm of Shulman & Goldman filed a petition for fees in this case on March 22, 1982. The firm claimed to be a successor in interest to the firm of Spivack & Lasky, which allegedly represented Susan Harden. No one presently in Shulman & Goldman worked on the instant case; Norman E. Goldman presented an affidavit of time spent on the case based upon records of Spivack & Lasky and consultation with attorneys who worked on the case. In response to the fees petition, Bell filed interrogatories and requests to produce, to which Shulman and Goldman objected. The Court instructed Mr. Goldman to comply with Bell's request for verification of the time spent on the instant case on April 16, 1982. Shulman & Goldman, however, have filed no additional affidavits or documents. Accordingly, its petition for fees is denied. It is so ordered.

3. Bell would have this Court reduce the number of hours claimed by plaintiffs' attorneys for duplication of efforts. Bell also asks that the Court not consider, for fee purposes, any hours spent by plaintiffs' counsel on issues upon which Bell prevailed, that we reduce the requested billing rates sought by plaintiffs' counsel as being unreasonably high, and further reduce the rates to account for time spent on travel and preparation of the fees petition. Finally, Bell argues that no multiplier should be awarded and that no time spent on the fees petition should be included in a fee award if the Court's award does not exceed the fee settlement offer rejected by plaintiffs' counsel.

280 (1975); *Cf., Newman v. Piggy Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (principle that prevailing party should ordinarily recover attorneys' fees in Title II actions). The United States Court of Appeals for the Seventh Circuit has articulated the factors to be considered in determining attorneys' fees awards. As a starting point, courts are to consider the hours spent by an attorney times the attorney's billing rate. *Waters v. Wisconsin Steel Works,* 502 F.2d 1309, 1322 (7th Cir.1974), *cert. denied,* 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976). Additional elements are set forth in the Code of Professional Responsibility, as adopted by the American Bar Association:

> Factors to be considered as guides in determining the reasonableness of a fee include the following:
>
> "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
>
> "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> "(3) The fee customarily charged in the locality for similar legal services.
>
> "(4) The amount involved and the results obtained.
>
> "(5) The time limitations imposed by the client or by the circumstances.
>
> "(6) The nature and length of the professional relationship with the client.
>
> "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> "(8) Whether the fee is fixed or contingent.
>
> Disciplinary Rule 2–106.

*Id.; Muscare v. Quinn,* 614 F.2d 577, 579 (7th Cir.1980).

We now review this case in light of the above standards. As a starting point, it is important to emphasize that although this case was ultimately resolved through settlement, this factor does not weaken the plaintiffs' claim to fees. *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980). However, the plaintiff is entitled to fees only for preparation and presentation of claims on which he or she has prevailed. *Busche v. Burkee,* 649 F.2d 509, 522 (7th Cir.1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1982). In considering the results obtained, we note that plaintiffs in the instant case were granted summary judgment against Bell with respect to Bell's maternity leave reinstatement policies, and its policy concerning seniority accrual during maternity leave. Thus, while this Court granted Bell summary judgment concerning wages, medical insurance, and length of maternity leave policies, the plaintiffs obtained a substantial settlement from Bell. Accordingly, it is thus that plaintiffs, by succeeding on significant issues in this litigation which benefitted the plaintiff class, are prevailing parties. *Nadeau v. Helgemore,* 581 F.2d 275, 278–79 (1st Cir.1978). Nevertheless, since plaintiffs are not entitled to fees for time spent upon unsuccessful claims, any activity by Mr. Bodensteiner devoted exclusively to issues on which Bell prevailed on summary judgment is not compensable. Plaintiffs have satisfied this Court that Mr. Bodensteiner spent only 1.9 hours on issues upon which the plaintiffs lost; as to the remaining time, it is not clear that the activities in question related exclusively to issues upon which plaintiffs were unsuccessful. In calculating the number of hours attributable to the prosecution of successful claims, the Seventh Circuit has declared that "[t]his calculation presumably includes time spent on unsuccessful claims to the extent such time would have been spent in connection with the successful claims even if the unsuccessful claims had not been brought." *Busche v. Burkee,* 649 F.2d 509 (7th Cir. 1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1982). We therefore decline to disregard more than 1.9 hours spent by Mr. Bodensteiner prior to this Court's award of partial summary judgment to Bell.

Counsel for plaintiffs claim they spent a total of 444.8 hours on the instant case. Bell argues that this number should be re-

duced by at least 57.5 hours to account for duplication of effort and inefficiency. We do not believe that the hours claimed are unreasonable, given the time and labor required by this litigation and the length of counsels' professional relationship with the plaintiffs. The fact that both Mr. Bodensteiner and Mr. Mulder attended the same meetings does not demonstrate duplication of effort; the involvement of two or more attorneys in the same matter is not necessarily unreasonable. *Urbina v. Quern,* 482 F.Supp. 1013, 1016 (N.D.Ill.1980); *Wheeler v. Durham City Board of Education,* 88 F.R.D. 27, 29 (M.D.N.C.1980).

Turning to the hourly rates sought by Messrs. Bodensteiner and Mulder, we decline to award the requested rates of $125 per hour to Mr. Bodensteiner and $100 per hour to Mr. Mulder. At the outset of our inquiry, we note that there is no indication that the client or the circumstances of this case imposed any particular time limits upon plaintiffs' counsel. Nor is there evidence that Messrs. Bodensteiner and Mulder were precluded from accepting other employment during the pendency of the instant litigation. In considering the fee customarily charged in this area for similar legal services and the experience of counsel, we observe that counsel for plaintiff CWA received $125 per hour for the services of Mr. Irving M. Friedman and $60 per hour for the services of all other attorneys. Mr. Friedman's legal experience and recognized expertise is considerable, for he graduated from law school in 1947 and has been involved in a great deal of litigation. Bell's counsel currently charge $95 per hour and $72.50 per hour, and their billing rates during earlier phases of the litigation were considerably lower. Bell's attorneys, moreover, have significant experience in employment discrimination litigation. There is no question that Messrs. Bodensteiner and Mulder are also experienced attorneys, and

their representation of plaintiffs was undoubtedly competent. However, the breadth of their experience matches neither that of CWA's counsel nor Bell's. Therefore, we find that billing rates of $100 per hour for Mr. Bodensteiner and $60 per hour for Mr. Mulder are reasonable.

Bell would have us reduce further the billing rates of Messrs. Bodensteiner and Mulder with respect to hours spent on travel and on the fee petition.[4] Concerning the time spent on the fees petition, the Seventh Circuit has declared that prevailing plaintiffs "are properly entitled to fee awards for time spent litigating their claim to fees." *Bond v. Stanton,* 630 F.2d 1231, 1235 (7th Cir.1980), *cert. denied,* 454 U.S. 1063, 102 S.Ct. 614, 70 L.Ed.2d 601 (1982). While some courts have reduced fee awards with respect to time spent on the fee petition, *e.g., Keyes v. School Dist. No. 1, Denver, Colorado,* 439 F.Supp. 393, 410 (D.Colo. 1977), other courts have declined to do so, *e.g., Chrapliwy v. Uniroyal, Inc.,* 509 F.Supp. 442, 454 (N.D.Ind.1981), *aff'd in part, rev'd in part,* 670 F.2d 760 (7th Cir. 1982). We recognize, as other courts have, that denying attorneys' fees for the time spent obtaining them might decrease the value of a fee award by making attorneys engage in uncompensated litigation to obtain their fee. *Stanford Daily v. Zurcher,* 64 F.R.D. 680, 684 (N.D.Cal.1974), *aff'd,* 550 F.2d 464 (9th Cir.1977), *rev'd on other grounds,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). We therefore hold that the 83.9 hours claimed for work on the fee petition is reasonable and decline to reduce the fee award with regard to this issue.

With respect to transportation, Messrs. Bodensteiner and Mulder have submitted affidavits indicating the amount of their time spent in travel. Mr. Bodensteiner spent 27.5 hours, and Mr. Mulder 38 hours, on travel time. While some courts have compensated counsel at their usual hourly

4. There is no authority for Bell's claim that time spent on the fee petition should not be compensated if the Court's fee award is the same or less than the sum which defendants offered in settlement of the attorneys' fees issue. *Spero v. Abbott Laboratories,* 396 F.Supp. 321 (N.D.Ill.1975), involved the plaintiff's rejection of a settlement offer; the Court there refused to award attorneys' fees for time spent by the plaintiff's attorney after the settlement offer.

rate for travel time, e.g., *Chrapliwy v. Uniroyal, Inc.,* 509 F.Supp. 442, 455 (N.D.Ind. 1981), others reduce fee awards by compensating travel time at a different hourly rate than other time, e.g., *McPherson v. School District # 186,* 465 F.Supp. 749, 758 (S.D. Ill.1978). There is precedent in this district for the deduction of transportation expenses from fee awards, *Harceg v. Brown,* 536 F.Supp. 125, 135 (N.D.Ill.1982). Since counsel argue that part of their time spent in travel was utilized in preparation of this case, we will award Mr. Bodensteiner $50 per hour, and Mr. Mulder $30 per hour, for this travel time.

 Finally, we shall not apply a multiplier to increase the amount of fees awarded to Messrs. Bodensteiner and Mulder. In determining whether to award a multiplier, courts consider: "1) the contingent nature of the class action litigation; 2) the quality of legal services; 3) the benefit conferred upon the class; and 4) the public service aspect." *Will v. United States,* 90 F.R.D. 336, 345 (N.D.Ill.1981). The quality of legal services in this litigation was undoubtedly high, and the public service aspect of prosecuting this case is not insignificant. The quality of legal services, however, is reflected in the hourly rates set by the Court. *Tidwell v. Schweiker,* 677 F.2d 560, 570*(7th Cir., 1982). And while the plaintiffs' class clearly benefitted from this case, the legal issues involved were not particularly complex, and the case was ultimately resolved through settlement. The instant case, moreover, has little precedential value which is one factor to consider in deciding whether to award a multiplier, *Strama v. Peterson,* 689 F.2d 661, 665 (7th Cir.,1982). And while we recognize that plaintiffs' counsel were engaged on a contingency basis, the contingent nature of a fee alone does not justify the use of a multiplier. *Bonner v. Coughlin,* 657 F.2d 931, 936–37 (7th Cir.1981). In short, the analysis of this litigation using factors set forth in *Will v. United States, supra,* and *Waters v. Wisconsin Steel Works, supra,* indicates that awarding a multiplier to plaintiffs' counsel would be inappropriate. We also note that no multiplier was applied to the fee request awarded to counsel for plaintiff CWA in their settlement with Bell.

Accordingly, plaintiffs are awarded attorneys' fees in the amount of $31,199.[5] It is so ordered.

**5.** In reaching this award, the Court relied upon the following calculations:

| Attorney | Time Period | Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| Ivan E. Bodensteiner | 2/7/74–2/29/80 | 69 | | |
| | 3/1/80–3/1/82 | 81.7 | | |
| Travel Time | | 27.5 | $50 | $ 1,375 |
| Hours Minus Travel Time | | 123.2 | $100 | $12,320 |
| Fee Application | | 27.8 | $100 | $ 2,780 |
| Total | | | | $16,475 |
| Michael M. Mulder | 5/29/80–3/1/82 | 208.3 | | |
| Travel Time | | 38.0 | $30 | $ 1,140 |
| Hours Minus Travel Time | | 170.3 | $60 | $10,218 |
| Fee Application | | 56.1 | $60 | $ 3,366 |
| Total | | | | $14,724 |