**Kay RAINSBARGER and Susan Stidham, Plaintiffs,**

**v.**

**COLUMBIA GLASS & WINDOW CO., Defendant.**

**and**

**Nancy BARNES, Plaintiff,**

**v.**

**COLUMBIA GLASS & WINDOW CO., Defendant.**

**Nos. 83–0351–CV–W–1, 83–0708–CV–W–6–1.**

United States District Court, W.D. Missouri, W.D.

Oct. 9, 1984.

**300**

Thomas E. Thompson, Stoup & Thompson, Kansas City, Mo., Steven C. Effertz, Independence, Mo., for plaintiffs Rainsbarger and Stidham.

Cathleen Connealy, Kansas City, Mo., for plaintiff Barnes.

Stephen S. Brown, Terry L. Karnaze, Niewald Waldeck Norris & Brown, Stanford C. Madden, Kansas City, Mo., for defendant Columbia Glass.

## MEMORANDUM AND ORDERS

JOHN W. OLIVER, Senior District Judge.

### I.

The individual claims of the three plaintiffs in the above entitled Title VII cases were settled some time ago. Plaintiff Barnes, in consideration of the payment of $8,000.00 executed a release on August 7, 1984. On September 4, 1984 counsel for plaintiffs Rainsbarger and Stidham and counsel for the defendant jointly filed a notice of settlement which reflected the agreement that the defendant would pay and plaintiffs Rainsbarger and Stidham would accept $4,000.00 and $3,000.00, respectively, in full settlement of their claims.

The parties, however, did not settle the amount of attorneys' fees and expenses that might be awarded the plaintiffs as costs pursuant to 42 U.S.C. § 2000e–5(k). The defendant's insurers have agreed as of October 1, 1984 to pay the sum of $33,-900.00 for a complete release of all claims for attorneys' fees, expenses and costs in both cases. Counsel for the three plaintiffs, although afforded ample opportunity to do so, have failed to agree on how the $33,900.00 should be divided. The Court is

thus required to rule on the various pending motions, applications, and requests which have been made by the parties.

The Court must therefore rule (1) plaintiff Barnes' application for a hearing with regard to assessment of plaintiff Barnes' attorneys' fees and expenses as costs; (2) a motion of the law firm of Stoup & Thompson entitled "Motion for Consolidation of Attorneys' Fee and Request for Consolidation," which prayed that the Court "make its determination of attorneys' fees and costs to be awarded plaintiff's counsel in the above-captioned case [referring to *Rainsbarger and Stidham v. Columbia Glass & Window Co.*, 600 F.Supp. 299] and that said determination be consolidated with pending application for attorneys' fees filed by Cathleen Connealy, counsel for plaintiff Nancy Barnes"; (3) an application of defendant for attorneys' fees; and (4) the request of counsel for the defendant that it and its insurers be discharged from the responsibility of taking part in further conferences or hearings relating to the question of how defendant's total settlement offer of $39,-900.00 should be divided between counsel for the respective plaintiffs in the two cases.

Although the law firm of Stoup & Thompson suggests that the division of the $39,900.00 should be arbitrated, no one has suggested that there is any necessity for any additional hearing. Indeed, counsel for all parties have consistently maintained that under the highly unusual manner in which the three plaintiffs' cases were settled, that any disagreement in regard to the award of attorneys' fees should and would be determined by this Court.

The only case in which somewhat similar factual circumstances were presented is *Forrest v. New York City Crim. Justice Agency*, 549 F.Supp. 211 (S.D.N.Y.1982). Although *Forrest* is distinguishable on its facts from the two cases before this Court in that it involved only one plaintiff and did not reflect any agreement of that plaintiff to accept a final settlement offered by the defendant, that case does establish the jurisdiction of the Court to act under the unique circumstances of this case. See also and compare *Levin v. Parkhouse*, 484 F.Supp. 1091 (E.D.Pa.1980).

II.

The record in the above cases shows that both plaintiff Barnes and the law firm of Stoup & Thompson and Mr. Effertz have amended their prior claims for attorneys' fees. All are now agreed that the offer of $33,900.00 made by defendant's insurer should be accepted. All have accordingly reduced their earlier fee claims to a precise amount of the $33,900.00 which each now contend should be awarded to them.

Ms. Connealy's October 1, 1984 letter states: "we should receive $22,142.00." Ms. Connealy's statement must thus be considered as an amendment which reduced plaintiff Barnes' original application for fees to a final claim of $22,142.00. Mr. Effertz' October 1, 1984 letter to the Court clearly indicates that he would be satisfied if he received $858.00 of any fees that may be awarded counsel for plaintiffs Rainsbarger and Stidham. Thus, Mr. Effertz' original claim for a direct award of attorneys' fees must be considered as being amended to state a final claim for only $858.00 of the defendant's $33,900.00 settlement offer.

The pending motion for consolidation filed by the law firm of Stoup & Thompson, which contained a prayer that the Court make a determination of the amount of attorneys' fees and costs to be directly awarded to that law firm for services they rendered as plaintiffs' counsel in the Rainsbarger and Stidham case, is a bit more complicated. For it is clear that the law firm of Stoup & Thompson has no standing whatsoever to file an application for a direct award of attorneys' fees under section 2000e–5(k). That section provides "in any action or proceeding under this subchapter the court, in its discretion, may allow *the prevailing party*, ... a reasonable attorney's fee as part of the costs ...." (Emphasis ours). A law firm representing a plaintiff or a defendant in a Title VII case simply cannot be viewed as a

"prevailing party" in Title VII litigation and therefore has no standing to file an application for a direct award for attorneys' fees.

The pending motion filed by the law firm of Stoup & Thompson will, however, be treated as an application filed by plaintiffs Rainsbarger and Stidham for an award of attorneys' fees. Stoup & Thompson's statement in its October 1, 1984 letter to the Court that the $33,900.00 offer by the defendant's insurers "should be accepted in full and final settlement of attorneys' fees and expenses" in both cases and claim stated in that letter that Stoup & Thompson is entitled to $13,208.75 of the $33,900.00 must also be considered as an amendment of their claim for attorneys' fees made in their original motion. In short, the claim of the law firm of Stoup & Thompson that it is entitled to a direct attorneys' fee award of $13,208.75 out of the defendant's $33,900.00 settlement offer will be considered as an amended application of plaintiffs Rainsbarger and Stidham for an award of attorneys' fees in that amount to that law firm.

Stoup & Thompson's motion for consolidation will be denied for the reason that the application for a hearing made in connection with the Barnes' case has been expressly withdrawn by plaintiff Barnes' counsel and because Stoup & Thompson has not suggested that any further hearing is necessary under the circumstances. Indeed, Stoup & Thompson's October 1, 1984 letter to the Court stated that:

> It is our recommendation that the $33,-900.00 be accepted in full and complete settlement of the obligation of the defendant to pay attorneys' fees and expenses and that the plaintiffs' attorneys agree upon a neutral third party to arbitrate their differences. It is suggested that the parties attempt to agree upon a neutral third party attorney to decide how the attorneys' fee is to be divided.

The record shows that the parties have not and will not agree to arbitrate their differences before a neutral third-party attorney. All of the letters presently before

the Court show that it must decide how the $33,900.00 is to be divided.

## III.

■ The application of defendant Columbia Glass & Window Co. for attorneys' fees will be denied for obvious reasons. First, it cannot be said that the defendant is the "prevailing party" in either case within the meaning of section 2000e–5(k). Second, the record simply does not support defendant's conclusory allegation that plaintiffs and their counsel exercised bad faith, unreasonable or vexatious conduct in the prosecution of their respective actions against the defendant.

We turn now to the manner in which the parties settled the plaintiffs' cases and failed to settle the amount of attorneys' fees that might have been awarded to the prevailing party in these actions.

## IV.

On June 27, 1984, the Court was advised that the Barnes case had been settled when the defendant filed a motion to extend certain deadlines contained in this Court's March 28, 1984 order. That motion simply recited that "On June 21, 1984 an agreement in principle was reached between plaintiff Nancy Barnes Cardwell and defendant to settle her separate claim against this defendant." The Court was not advised and did not then understand that the statement in defendant's motion was anything other than a routine statement that the Barnes case had been completely settled in the same manner as any other Title VII case is settled and that stipulations for dismissal and other paperwork would be immediately forthcoming.

On August 22, 1984, however, plaintiff Barnes filed her application for a hearing with regard to assessment of plaintiff Barnes' attorneys' fees and expenses as costs. That application stated that:

> COMES NOW Plaintiff Barnes, by counsel, and informs the Court that plaintiff Barnes' claims herein have been settled, *reserving plaintiff's attorneys'*

*fees and expenses for agreement, or for a decision by the Court if no agreement is reached.* Negotiations failing, plaintiff requests the Court to hear the matter and determine Plaintiff Barnes' counsel's fees and expenses to be awarded, at a time in the near future agreeable to the Court and counsel. (Emphasis ours).

Because the Court had never heard of a Title VII case or any other case being "settled" in such a manner, the Court, on August 23, 1984, entered a memorandum which stated that:

Plaintiff's counsel has filed an application for a hearing with regard to assessment of plaintiff Barnes' Attorneys' fees and expenses as costs. Without waiting for response from counsel for defendant, the Court directs counsels' attention to the Supreme Court's admonition: "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 51 U.S. L.W. 4552, 4555 (U.S. May 16, 1983).

Although the Court has heretofore been advised that Case Number 83–0708–CV–W–6–1 had been settled, it was not advised that the "settlement" of Nancy Barnes' case had failed to include an agreement on the amount of attorney's fees and expenses to be awarded plaintiff's counsel.

In order to attempt to make some progress in resolving the problem counsel have created for themselves, an order will be made, consistent with the admonition in *Hensley.*

Orders were therefore entered on August 23, 1984 which required the parties to attempt to resolve their differences in regard to the amount of attorneys' fees to be paid Nancy Barnes' counsel and, failing in that, to file a response to that order which required the parties to set forth their respective positions in regard to the attorneys' fees question.

On September 7, 1984, a response to that order was filed. That response made clear that plaintiff Nancy Barnes, who had received only $8,000.00 in settlement, was claiming an allowance of attorneys' fees and expenses for her counsel in the sum of $61,294.85, plus a claimed enhancement for contingency and delay. The August 7, 1984 release executed by plaintiff Barnes contained a statement to the effect that "This release does not effect any separate claim which the firm of Wells, Slough, Connealy and Irvin may have for attorneys' fees and expenses under Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Opportunity Act in 1972." It is thus apparent that the law firm that represented plaintiff Barnes, like the law firm that represented plaintiffs Rainsbarger and Stidham, was under the same erroneous impression that counsel for a Title VII plaintiff must be said to have some sort of independent claim for a direct award of attorneys' fees under section 2000e–5(k).

On September 4, 1984, before the Court had an opportunity to take any action in regard to the manner in which the *Barnes* case had been "settled," Mr. Effertz representing Rainsbarger and Stidham, and Mr. Brown representing the defendant, filed a "Notice to the Court of Settlement" which stated the following in its entirety:

Come now the plaintiffs, Kay Rainsbarger and Susan Stidham, by and through their attorney of record, Steven C. Effertz, and the defendant Columbia Glass & Window Co. by and through its attorney Stephen S. Brown and hereby advises the Court that the claims of plaintiffs Kay Rainsbarger and Susan Stidham have been compromised and settled by verbal confirmation of acceptance of settlement offers made in this case by defendant on August 28, 1984.

This notice is being given to advise the Court of this settlement, and once the appropriate documents have been drafted and executed by the parties, a stipulation of dismissal will be filed. In the meantime, counsel for plaintiff and defendant respectfully request this Court remove this matter from the pretrial conference docket in September and trial docket the first week of October, 1984.

On the next day the law firm of Stoup & Thompson filed its motion for the consolidation and original claim for a direct award of attorneys' fees with expenses. Although the notice of settlement filed with the Court did not state that the question of attorneys' fees had been excluded from the settlement of the Rainsbarger and Stidham case, the suggestions in support of the motion for consolidation reflected that Mr. Effertz had been "handling" that case since May 16, 1984 and that he claimed a fee of $3,660.00 for the time he expended on the case from May 26, 1984 through August 29, 1984, the date on which the case was "settled." An affidavit attached to the motion showed that Stoup & Thompson claimed that it should be awarded a direct fee of $24,453.00 for the time it represented plaintiffs Rainsbarger and Stidham.

## V.

The record shows that the Court has had two lengthy conferences with counsel in connection with the attorneys' fee question that was presented by the manner in which the parties elected to settle the two above entitled Title VII cases. Discussion at the conferences established that the separation of the settlement of the plaintiffs' respective claims from the settlement of the amount of attorneys' fees that might be awarded those plaintiffs under section 2000e–5(k) was occasioned by the total and unquestioned acceptance on the part of counsel for all parties of the notion expressed in what was an apparently unpublished article authored by one Mark W. Bennett, a person who was unknown to counsel for any of the parties.

That article, a copy of which was forwarded to defendant's counsel by plaintiff Barnes' counsel in a letter dated April 2, 1984, was entitled "Settlement of Cases in Which Statutory Attorneys' Fees are Authorized: An Ethical Dilemma." That article, the existence of which the Court did not learn about until defendant's September 12, 1984 brief was filed, suggested that a "reasonable" solution to the alleged ethical dilemma would be "for trial courts to insist upon settlement of the damage aspect of the case separate from the award of statutorily authorized attorneys' fees."

■ Counsels' attention was directed at the first conference with the Court to the fact that the notion that counsel for Title VII plaintiffs could not ethically settle both a plaintiff's Title VII claim and that plaintiff's claim in regard to the amount of attorneys' fees that might be awarded to the Title VII plaintiff under section 2000e–5(k) had been expressly rejected by the Supreme Court in *White v. New Hampshire Dept. of Emp'l. Sec.*, 455 U.S. 445, 453, n. 15, 102 S.Ct. 1162, 1167, n. 15, 71 L.Ed.2d 325 (1982). Section 2000e–5(k) simply does not create any right in counsel for either the plaintiff or the defendant in a Title VII case to make a claim for a direct award of attorneys' fees. A Title VII plaintiff's claim for an award of attorneys' fees and expenses is as subject to compromise and settlement as any other portion of a Title VII plaintiff's total claim under the statute.

Counsels' attention was also directed to the fact that the notion expressed in various briefs filed by plaintiffs' counsel that attorneys' fees were to be automatically awarded for all hours expended on a particular case, regardless of the result obtained, had also been expressly rejected by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Specific attention was directed to the Supreme Court's conclusion stated in that case that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of award of attorneys' fees" and its statement that the "degree of success obtained [is] the most critical factor to be evaluated."

In addition, counsels' attention was directed to the obvious implications of the recent Eighth Circuit decisions in *Jaquette v. Black Hawk County, Iowa*, 710 F.2d 455 (8th Cir.1983), and *Young v. Powell*, 729 F.2d 563 (8th Cir.1984). Judge Hunter's decision in *Taylor v. Franklin Drapery Co., Inc.*, 443 F.Supp. 795. (W.D.Mo.1978),

was discussed as reflecting Western District of Missouri practice. Counsel were also advised that the settlements that they had announced on behalf of their respective clients would be enforced in accordance with the applicable law as stated in *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207 (5th Cir.1981), a case which this Court has heretofore cited with approval in its unreported memorandum opinion in *Lupercio v. Burlington Northern Railroad Company*, No. 81–0716–CV–W–1 (October 1, 1982).

And finally, counsels' attention was again directed to the Supreme Court's admonition in *Hensley v. Eckerhart, supra,* that "a request for attorneys' fees should not result in a second major litigation" and that "ideally, of course, litigants will settle the amount of a fee." Counsel were requested to re-open their negotiations consistent with the admonition of the Supreme Court just quoted at the last conference held on September 26, 1984.

The letters from counsel for various parties under date of October 1, 1984 are helpful to the extent that they reflect the agreement of all counsel that all claims of all plaintiffs for attorneys' fees, expenses and costs in both cases should be settled for $33,900.00. While counsel for the respective plaintiffs have substantially amended and reduced their respective claims for attorneys' fees and expenses, it is clear that plaintiffs' counsel are still adamant in attempting to maintain their respective positions in regard to how the defendant's increased offer of $33,900.00 should be divided.

## VI.

It is not necessary that the Court make any findings in regard to what attorneys' fees might have been properly awarded plaintiffs' counsel had the plaintiffs prevailed at trial to the same extent that each plaintiff was willing to accept in settlement of their respective Title VII claims. For the defendant, by making its $33,900.00 offer, has conceded that defendant's insurers will pay plaintiffs' attorneys' fees and expenses in that total amount in order to obtain final dismissal with prejudice of both cases. In like manner, all counsel for all three plaintiffs have stated their agreement that the defendant's $33,900.00 offer should be accepted and that the large amounts which counsel for each plaintiff originally claimed should be awarded have all been substantially reduced to specific claims of only a portion of the total $33,900.00.

It is thus clear the question to be decided is how the $33,900.00 should be divided. The determination of that question is not difficult.

■ We are satisfied from all the circumstances that the obviously better settlement obtained for plaintiff Barnes sustains the position of her counsel that attorneys' fees and expenses should be awarded her counsel in the amount of counsel's reduced claim of $22,142.00. By the same token, we are further satisfied that the results obtained in the Rainsbarger and Stidham case do not justify that law firm's amended claim of attorneys' fees for the firm of Stoup & Thompson in the amount of $13,208.75. Mr. Effertz' candid statement in the last paragraph of his October 1, 1984 letter to the Court is in accordance with this Court's observation of how counsel divided the labor performed in the preparation of both the cases for trial.

Mr. Effertz appropriately stated that "Although I refuse to take sides on this issue, I will agree with Cathleen Connealy's statement and position that she took the lead counsel role in this case." Careful examination of all the time records and other data before the Court supports Mr. Effertz' statement and also supports a finding that the Stoup & Thompson firm devoted far more time to unproductive and unnecessary effort than did Cathleen Connealy's law firm.

Mr. Effertz reduced his original claim to the sum of $858.00. We are satisfied that he is entitled to that amount and whatever other amount that may be paid him by the firm of Stoup & Thompson for the services he rendered plaintiffs Rainsbarger and Stidham during the period of time he was associated with the Stoup & Thompson law firm.

Approval of the reasonableness of the reduced amended claim of plaintiff Barnes' counsel and approval of $858.00 to Mr. Effertz results in the allocation of the remaining $10,900.00 of the $33,900.00 settlement to the firm of Stoup & Thompson in accordance with their reduced amended claim for $13,208.75. We recognize that a commitment was made to plaintiffs Rainsbarger and Stidham by their counsel that each plaintiff would "receive an additional $2,000.00 from myself and the firm of Stoup & Thompson out of attorneys' fees in this case, if both myself and Stoup & Thompson receive at least 50% of the fees requested."

It is obvious that Mr. Effertz and Stoup & Thompson will, in fact, receive more than 50% of their amended claims for attorneys' fees. Plaintiffs Rainsbarger and Stidham are each accordingly entitled to the additional $2,000.00 promised them by their attorneys.

Should it become necessary to enforce the settlement announced by the notice of settlements of the Rainsbarger and Stidham case, it is to be understood that plaintiff Rainsbarger is entitled to $4,000.00 to be paid by the defendant and plaintiff Stidham is entitled to $3,000.00 to be paid by the defendant and each plaintiff is entitled to an additional $2,000.00 to be paid out of the attorneys' fees awarded their counsel.

### VII.

For the reasons stated, it is

ORDERED (1) that plaintiff Barnes' application for a hearing with regard to assessment of plaintiff Barnes' attorneys' fees and expenses as costs, should be and the same is hereby denied as moot. It is further

ORDERED (2) Stoup & Thompson's motion for consolidation of attorneys' fee and request for consolidation, should be and the same is hereby denied. It is further

ORDERED (3) that defendant's application for attorneys' fees, should be and the same is hereby denied. It is further

ORDERED (4) that the $33,900.00 settlement offered by defendant's insurers and accepted by plaintiffs shall be divided as follows: $22,142.00 for counsel for plaintiff Barnes; $10,900.00 to counsel for plaintiffs Rainsbarger and Stidham; $858.00 for Mr. Effertz for the services he has separately rendered plaintiffs Rainsbarger and Stidham. It is further

ORDERED (5) that within ten (10) days of the date of this order, the parties shall complete the final settlement of both of the above cases in accordance with the division of the $33,900.00 as above ordered and in accordance with what has been stated above in regard to plaintiffs Rainsbarger and Stidham's right to receive an additional $2,000.00 each from the attorneys' fees awarded them for their counsel; and, within the same period of time, to make all appropriate filings necessary for the dismissal of both of the above cases with prejudice.